IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV01507-BRW |
| | : | 4:06CV00299-BRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| SONDRA WELCH | : | PLAINTIFF |
| | : | |
| v. | : | |
| | : | |
| WYETH, *et al.* | : | DEFENDANTS |

## ORDER

**1. Plaintiff's Motion to Allow Evidence of Defendants' Conduct During the Compensatory Phase or in the Alternative to Declare Ark. Code Ann. §16-55-211 Unconstitutional (Doc. No. 157)** is DENIED.

**2. Defendants' Motion to Exclude Expert Opinion Testimony by Dr. Ronda Henry-Tillman (Doc. No. 162)** is MOOT, since Plaintiff indicated that she will not present evidence of specific causation from this witness.

**3. Deposition Designations** -- Apparently I did not make things clear about the 72-hour deposition designation deadlines, so here are the new rules:

- All previous objections and rulings remain the same, so there is no reason to submit old designations to the Court for ruling.

- All new designations must be provided to the Court no later than 24 hours before the designation will be used. They should be submitted in the same format that was used in earlier bellwether trials. Failure to meet this deadline will probably result in the exclusion of the designated material.

**4. Defendants' Motion in Limine Re: Sales Representatives** -- There appears to be some confusion regarding the "stipulation" that was submitted regarding the testimony of sales

representatives. The parties asserted that they were adopting the same briefing as was submitted in *Scroggin v. Wyeth*, so I entered the same ruling; but, it appears that the facts of this case were different than in *Scroggin.* In her supplement to the stipulation, Plaintiff mentioned her desire to call Mr. Hendricks as a witness,[1] but did not indicate that the previously used language about sales representatives being "on stand-by" did not apply to the facts of this case.

Be that as it may, because the testimony of a sales representative who called on the physician during the time Plaintiff was prescribed HRT may be relevant, the ruling on the motion in limine is amended as follows:

> 10. Defendants' Motion in Limine to Bar Testimony of Sales Representatives Who Did Not Call on Plaintiff's Treating Physicians During the Time She was Prescribed HRT is GRANTED in PART and DENIED in PART.
>
> The motion is DENIED as to sales representatives who called on Plaintiff's treating physicians during the time she was prescribed HRT.
>
> The motion is GRANTED as to sales representatives who did not called on Plaintiff's treating physicians during the time she was prescribed HRT.
>
> The motion is GRANTED as to Charles Payne, Edward DeAngelo, and Brett Hendricks. However, if a punitive damages stage becomes necessary, Plaintiff may reargue the need for testimony from Mr. Payne, Mr. DeAngelo, and Mr. Hendricks.

**5. Wyeth's Motion to Exclude Testimony of Sales Representatives Reynolds, Beckwith, and Bell or to Require Foundation For, and Limit, Such Testimony (Doc. No. 141)** is GRANTED in PART and DENIED in PART.[2] The sales representatives must have called on the treating physician during the relevant time period, but whether or not the doctor "relied" on the

---

[1] "Plaintiff seeks review here of only one subissue: the relevance of Wyeth's former sales trainer, Brett Hendricks, to issues of negligence. Plaintiff seeks to call Mr. Hendricks as a witness in Phase 1 of the trial because this testimony relates to contested issues in that phase." Doc. No. 145.

[2] The August 1, 2012 Order (Doc. No. 149) is VACATED in part, as set out in paragraphs numbered 4 and 5.

information provided by the sales representative is an issue for the jury.  On the other hand, the sales representatives' testimony will be limited to the sales representatives' specific communications with the physician.  General comments about what a sale representative was trained to do is irrelevant.

The extent to which the sales representatives will be permitted to testify will be governed by the Federal Rules of Evidence.

**6.  Plaintiffs' Motion for Reconsideration of Defendants' Motion to Exclude Jennifer Reynolds and Michelle Bell (Doc. No. 161)** is GRANTED, but only to the extent set out in paragraph numbered 4 and 5.

**7.  Replies** -- Stop the "replies."  The recent rash of replies will probably not receive consideration due to the time constraints.

Counsel should advise if the word "stop" is deemed ambiguous by anyone.

IT IS SO ORDERED this 8th day of August, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE