# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV01507-BRW |
| | : | 4:06CV00299-BRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| SONDRA WELCH | : | PLAINTIFF |
| v. | : | |
| WYETH, et al. | : | DEFENDANTS |

## ORDER

1. **Defendants' Motion to Exclude the August 2002 Premarin Label** (Doc. No. 209) is DENIED as MOOT.

2. **Defendants' Motion for Relief Regarding Inaccurate Representation about Dr. Allen** (Doc. No. 237) is GRANTED.[1]

3. **Defendants' Motion to Exclude Undisclosed Expert Causation Opinion** (Doc. No. 245) is DENIED as MOOT.

4. **Defendants' Motion for Judgment as a Matter of Law** (Doc. No. 262) is DENIED.

5. **Plaintiff's Motion to Strike Undisclosed Expert Testimony of Dr. Lewis Chodosh** (Doc. No. 273) is DENIED.

6. **Plaintiff's Motion in Limine to Exclude Testimony of Drs. Ling or Laidley on Mrs. Welch's Alleged Use of Generic Substitutions for Provera** (Doc. No. 281) is DENIED without prejudice.

IT IS SO ORDERED this 27th day of August, 2012.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[1] The limiting instruction reads: "Plaintiff's counsel stated in her re-direct examination of Dr. Parisian that Defendants would call Dr. Allen as a live witness. That statement is incorrect. Before trial, I instructed the parties to reduce the number of witnesses they intended to call. Based on my instruction, Defendants indicated that they would not be calling Dr. Allen as a witness. The failure to call Dr. Allen should not be considered by you in any way."